### CODDING et al. v. SCOTT et al.

(City Court of New York, General Term,   December 22, 1892.)

1. COSTS—SEPARATE BILLS AGAINST JOINT DEFENDANTS.
   In an action against the sureties on an undertaking given to obtain a warrant of attachment, the fact that defendants appeared by different attorneys, served separate answers, and made separate offers of judgment, which were accepted by plaintiffs, does not entitle plaintiffs to sever the action, and tax more than one bill of costs.
2. SAME—ON APPEAL—REVERSAL WITHOUT COSTS.
   The general term of the city court of New York has power to reverse an order of the special term without costs.

Appeal from special term.

Action by D. Edgar Codding and Osmond H. Atwood against Samuel C. Scott and Stephen P. Howard on an undertaking given to obtain a warrant of attachment. Judgment was confessed in plaintiffs' favor. From an order severing the action, and granting plaintiffs two bills of costs, defendants appeal.   Reversed.

Argued before EHRLICH, C. J., and FITZSIMONS, J.

Leonard S. Wheeler, for appellant Howard.

George C. Comstock, for appellant Scott.

Douglas & Minton, for respondents.

FITZSIMONS, J.   This action is based upon an undertaking given to obtain a warrant of attachment. The defendants were the sureties. They appeared by different attorneys, filed separate answers, made motions separately, and finally made separate offers of judgment, which were accepted by plaintiffs. Plaintiffs then obtained an order severing the action, and granting two bills of costs. From said orders, this appeal is taken.

The plaintiffs had the right to tax only one bill of costs. The fact that defendants appeared by different attorneys, and served separate answers, does not alter this rule. Bank v. Winant, 16 N. Y. St. Rep. 904. The same rule does not apply to parties defendant. The Code, in certain cases, authorizes the taxation of more than one bill of costs against parties plaintiff in favor of parties defendant. The orders appealed from are reversed, without costs. For our power to reverse said orders without costs, see Phipps v. Carman, 26 Hun, 518.

---

### LEWIS v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, General Term, Second Department.   July 22, 1892.)

Action by Catherine Lewis, administratrix, against the New York Central & Hudson River Railroad Company.
No opinion.   Reargument ordered.